J.B. (father) appeals from a judgment of divorce nisi that awarded K.B. (mother) sole physical custody but a generous visitation schedule to the father; legal custody was granted to both parents. The father contends that the Probate and Family Court judge abused his discretion by not giving sufficient weight to the fact that the mother maintains a relationship with, and allows access to the children to, her father (grandfather), who sexually abused her as a child, and by accepting a report from a guardian ad litem (GAL) who did not comply with the standards for category F GAL investigations. We affirm.
Discussion. 1. GAL report. The father contends that the judge abused his discretion in accepting the report of a GAL who did not comply with Probate and Family Court Standing Order 1-05 (2005). However, the father directed us to no case or statute that makes this standing order binding, nor are we aware of any; it is just the opposite. The statute for the appointment of GALs, which simply provides that "[a]ny judge of a probate court may appoint a guardian ad litem to investigate the facts of any proceeding pending in said court relating to or involving questions as to the care, custody or maintenance of minor children," gives judges wide latitude in the appointment of GALs. G. L. c. 215, § 56A, inserted by St. 1975, c. 400, § 72.
Here, the judge appointed the GAL that was specifically requested by the parties. At that time of his appointment, the GAL had almost forty years of experience in family law matters, and had been appointed to prepare GAL reports numerous times over the years. In these circumstances the judge had no reason to doubt the GAL's qualifications, nor was he given any. Accordingly, we defer to the judge's express determination of the GAL's qualifications and credibility. See Custody of Eleanor, 414 Mass. 795, 799 (1993). See also Sacco v. Roupenian, 409 Mass. 25, 29-30 (1990) (question whether basis of expert doctor's opinion is sound goes to weight, not admissibility).
We are also not persuaded by the father's contention that the GAL's report was subpar because he failed to investigate, explore, and address the grandfather's sexual abuse of the mother when she was a child, and its impact on the children. The father, who was interviewed by the GAL, had the ability to raise concerns about the grandfather's past sexual abuse of the mother, but did not do so. The GAL should not be faulted for failing to investigate matters that were not brought to his attention. In any event, the father was not prejudiced by the omission of this inquiry in the GAL report. The grandfather's sexual abuse of the mother was fully explored during the trial. Accordingly, we see no abuse of the "[d]iscretion [that] allows the judge, when determining the best interests of children, to consider the widest range of permissible evidence, including the reports and testimony of a court appointed investigator or G.A.L." Ardizoni v. Raymond, 40 Mass. App. Ct. 734, 738 (1996).
2. Grandfather's abuse. The father next takes issue with the judge's award of sole physical custody of the children to the mother in light of her continued contact with a man (i.e., the grandfather) that sexually abused her as a child. The father contends that the judge overlooked a present risk of abuse to the children. We disagree.
The judge heard testimony that the grandfather sexually abused the mother when she was about six years old -- the approximate age of the parties' children. However, the judge also heard that the abuse stopped when the mother reported it to her mother (grandmother) years ago, the mother sought counselling for the abuse for more than ten years, she has since reconciled with the grandfather, and she currently enjoys a "great" relationship with him. Furthermore, despite the mother's reconciliation with the grandfather, there is no evidence that during the family's visits with the grandfather (which included the father) the mother left the children alone with him. Rather, the mother testified that she would never leave the children alone with the grandfather, and this testimony was corroborated by testimony that the grandfather's wife will always be present when the children visited with them, and that the grandmother had no concerns about the grandfather abusing the children. Based on this evidence, it is clear that the judge, who otherwise made very detailed findings, gave no weight to the father's concern with the mother's continued relationship and family visits with the grandfather, who lives in Florida six months out of the year. Contrast B.B.V. v. B.S.V., 68 Mass. App. Ct. 12, 19-20 (2006) (court vacated and remanded custody order that did not limit access of mother's father to her children when the two appeared to be in an ongoing incestuous relationship and mother saw no issue in allowing him access to her children). For these reasons, we see no abuse of the judge's wide discretion in determining that "the promotion of the best interests of the children and their general welfare" lies with awarding physical custody of the children to the mother. See Rolde v. Rolde, 12 Mass. App. Ct. 398, 402 (1981). See also Rosenthal v. Maney, 51 Mass. App. Ct. 257, 269 n.15 (2001) (quality of child's life with mother "amply supported by the uncontroverted evidence").[2]
Judgment affirmed.

We deny the father's request for appellate attorney's fees.